IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NICKIE R. LOGAN,                          )
                                          )
                    Petitioner,           )        Civil Action No. 2:19-cv-428
                                          )
        v.                                )
                                          )        Magistrate Judge Patricia L. Dodge
SUPERINTENDENT OF SCI                     )
HUNTINGDON, et al.,                       )
                                          )
                    Respondents.          )

## MEMORANDUM

Pending before the Court[1] is the Petition for a Writ of Habeas Corpus (ECF No. 6) filed

by state prisoner Nickie R. Logan ("Petitioner") under 28 U.S.C. § 2254 and Respondents'

Motion to Dismiss (ECF No. 12). For the reasons set forth below, the Court will grant

Respondents' Motion to Dismiss and dismiss the Petition for a Writ of Habeas Corpus because

Petitioner's claims are not ripe for review. Also pending before the Court is Petitioner's Motion

to Amend Relief (ECF No. 15) and Motion for Discovery (ECF No. 19). The Court will deny

these motions because they are moot.


I.      **Background**

        In February 2012, Petitioner was convicted in the Court of Common Pleas of Allegheny

County "of thirteen criminal offenses and eight summary offenses in connection with a series of

car thefts." Logan v. District Attorney of Allegheny County, 752 F. App'x 119, 120 (3d Cir.

2018). The Commonwealth had charged Petitioner on three separate criminal information at

---

[1]      In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a
United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

criminal docket numbers CP-2-CR-4829-2011, CP-2-CR-4530-2011, and CP-2-CR-6403-2011, and the charges were consolidated for purposes of the trial. Logan, 752 F. App'x at 120 n.1.

On March 19, 2012, the trial court imposed his judgment of sentence, for a total aggregate term of eight to 17 years of imprisonment.[2] The Pennsylvania Department of Corrections (the "DOC") calculated Petitioner's minimum sentence date to be August 6, 2019, and his maximum sentence date to be February 2, 2027. (ECF No. 12 at 3). Once an inmate completes the minimum sentence, it is up to the Pennsylvania Board of Probation and Board (the "Parole Board") to determine if and when the inmate will be released before serving the maximum sentence imposed. See, e.g., Fordham v. Commonwealth. Dep't of Corrs., 943 A.2d 1004 (Pa. Commw. Ct. 2008).[3]

In April 2019, as Petitioner approached his minimum sentence date, he was interviewed by a hearing officer with the Parole Board. During the interview, Petitioner stated that he was

_____

[2] "Among [Petitioner's] convictions were one count of receiving stolen property in violation of 18 Pa. C.S.A. § 3925(a) and one count of theft by unlawful taking in violation of 18 Pa.C.S.A § 3934(a), both related to the theft of a 1994 Jeep Cherokee." Logan, 752 F. App'x at 120. He "received identical sentences of 18 to 36 months for each of these offenses, to be served concurrently." Id. In 2015, after Petitioner exhausted his state-court remedies, he filed a petition for a writ of habeas corpus with this Court, which was docketed at Logan v. Caruso, No. 2:15-cv-1699 (W.D. Pa.). In that habeas action, he challenged the validity of his convictions and sentences. He claimed, inter alia, that his trial counsel provided him with ineffective assistance for failing to raise a double jeopardy objection to his conviction and punishment for the unlawful taking and the receiving of the stolen Jeep Cherokee. This Court denied that claim on the merits, dismissed the petition for a writ of habeas corpus, and issued final judgment on September 28, 2016. (ECF Nos. 28-30, Logan, No. 2:15-cv-1699). The United States Court of Appeals for the Third Circuit granted Petitioner a certificate of appealability on the ineffective assistance/double jeopardy claim. Logan, 752 F. App'x at 120 n.3. On November 19, 2018, it issued an opinion affirming this Court's judgment. Id. at 120-23. It applied the concurrent sentence doctrine and declined to review Petitioner's ineffective assistance/double jeopardy claim on the merits under that doctrine. Id. at 121-23. It explained that it may rely on the concurrent sentence doctrine when "it is apparent that the defendant will not suffer collateral consequences arising from the challenged conviction." Id. at 122. A review of the Court of Appeals docket (No. 16-4039), of which this Court shall take judicial notice, shows that Petitioner filed a petition for rehearing en banc, which the Court of Appeals denied on February 8, 2019. It issued its final mandate on February 19, 2019, and the United States Supreme Court denied Petitioner's petition for a writ of certiorari on June 17, 2019.

[3] Petitioner contends that his minimum sentence date was March 31, 2019. (ECF No. 15 at 2). He does not provide any support for his contention. The specific date his minimum sentence expired is not relevant to this case, however, since there is no dispute that Petitioner has served his minimum sentence term and, as explained infra, he recently had his parole interview and the Parole Board has scheduled his parole hearing for the next available docket.

still appealing his judgment of sentence. Based upon this information, the hearing officer continued the interview pending the disposition of Petitioner's appeal. As a result, the Parole Board did not schedule a parole hearing. Petitioner then filed his Petition with this Court within which he claims that the Parole Board is violating his due process rights because it will not grant him parole: (1) while he is appealing his judgment of sentence (ECF No. 6 at 5); (2) unless he accepts responsibility for convictions on crimes he insists he did not commit (id. at 6, 8); and (3) because he "filed an affidavit of probable cause and criminal complaint" against a parole agent (id. at 10). Petitioner sought as relief an order from this Court directing the Parole Board to conduct his parole hearing and consider only appropriate factors in its evaluation of Petitioner's parole eligibility. (Id. at 14).

Respondents filed a Motion to Dismiss (ECF No. 12) within which they explain that the Parole Board recently determined that Petitioner does not have an active appeal in the Pennsylvania appellate courts.[4] (Id. at 2-3). The Parole Board conducted Petitioner's parole interview on July 19, 2019 (ECF No. 15 at 3), and scheduled his parole hearing to be held on the next available docket. (ECF No. 12-2 at 15). Thus, to the extent that Petitioner was challenging the decision to continue his parole interview, that challenge is moot. As for Petitioner's specific claims, which challenge the factors that the Parole Board can consider when it evaluates him for parole, Respondents contend that the Court must dismiss them because they are not ripe for review. (ECF No. 12 at 5).

In his Reply (ECF No. 14), Petitioner argues that the Court should not dismiss his claims because he anticipates that the Parole Board will find him ineligible for parole on the basis that he refuses to accept responsibility for convictions on crimes he insists he did not commit. (Id.)

---

[4]     Petitioner's contention that he is still appealing his judgment of sentence is not accurate. It is premised upon the fact that he recently filed a motion for relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b)(2) in his closed federal habeas case on this Court's docket at No. 2:15-cv-1699.

He also file a Motion for Discovery (ECF No. 19) and a Motion to Amend Relief (ECF No. 15), within which he asserts that the Court should order Respondents to immediately release him to a community corrections center.

## II.    Discussion

Because Petitioner had his parole interview on July 19, 2019, the pertinent question now before the Court is whether his claims challenging the factors the Parole Board can consider when it evaluates him for parole are ripe for review. The "[r]ipeness doctrine is invoked to determine whether a dispute has yet matured to a point that warrants decision. The determination rests both on Article III concepts and on discretionary reasons of policy. The central concern is whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." 13B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3532 (3d ed.), Westlaw (database updated Aug. 2019) (citations omitted). The doctrine "determines 'whether a party has brought an action prematurely, and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine.'" Pittsburgh Mack Sales & Serv. v. Int'l Union of Operating Engineers, 580 F.3d 185, 190 (3d Cir. 2009) (quoting Peachlum v. City of York, 333 F.3d 429, 433 (3d Cir. 2003)).

There is no evidence that, as of this date, the Parole Board has conducted Petitioner's parole hearing or, most importantly, that it has issued a final decision regarding whether Petitioner will receive parole. Therefore, Petitioner's claims are not ripe for review. For that reason, the Court will grant Respondents' motion (ECF No. 12) and dismiss the Petition for a Writ of Habeas Corpus. The dismissal will be without prejudice to Petitioner filing another

federal habeas action in the event he is denied parole, and after he exhausts available state-court remedies.

The Petitioner's Motion to Amend Relief (ECF No. 15) and Motion for Discovery (ECF No. 19) will be denied. The Court's determination that Petitioner's claims must be dismissed because they are not ripe for review renders those motions moot.

## III. Certificate of Appealability

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). This Court need not make a certificate of appealability determination because it is dismissing Petitioner's claims without prejudice. See Brian R. Means, FEDERAL HABEAS MANUAL § 12.30, Westlaw (database updated May 2019); Gacho v. Butler, 792 F.3d 732, 735-37 (7th Cir. 2015). To the extent a certificate of appealability determination is required, Petitioner is not entitled to one because jurists of reason would not find it debatable whether his claims should be dismissed because they claims are not ripe for review. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## IV. Conclusion

For the foregoing reasons, the Court will grant Respondents' Motion to Dismiss (ECF No. 12) and dismiss the Petition for a Writ of Habeas Corpus (ECF No. 3) because Petitioner's

claims are not ripe for review. The Court will deny as moot Petitioner's Motion to Amend Relief (ECF No. 15) and Motion for Discovery (ECF No. 19).

An appropriate Order follows.


/s/ Patricia L. Dodge
Date:  September 13, 2019                PATRICIA L. DODGE
United States Magistrate Judge